*M. WERK CO. v. RYAN SOAP CO.

FAILURE TO SHOW DECEIT UPON PUBLIC BY IMITATION CHARGED DEFEATS
CLAIM OF UNFAIR COMPETITION.

Unfair competition is not established by proof of similarity in form, dimensions or general appearance, or where the features imitated were those shared with the trade generally, and there is a failure to show that the public was deceived by the said imitation.

ERROR to common pleas court.

*Hosea & Knight,* for plaintiff in error.
*Cogan & Williams,* for defendant in error.

**SMITH, P. J.**

Upon a careful consideration of the evidence together with the pleadings and the numerous authorities cited by counsel for plaintiff and defendant in error, the court is of the opinion that the judgment of the trial court is correct and that the same should be affirmed.

The claim of the plaintiff in error is, that for a long period of time prior to the filing of its petition herein for injunction it manufactured soap of a yellowish brown color with its name stamped thereon, and as its business increased it adopted and applied to the face of the soap of its manufacture a tag of harder material and differing in color from the soap, impressed in the face of the bar, and caused it to be identified by this tag; and that the public generally have come to know and call for

---

*Affirmed, no op., **Werk Co.** v. **Soap Co.** 87 O. S. 000; 58 Bull. 116.

plaintiff's goods as "Tag Soap," and to further protect itself and the public, it devised a method of redeeming the said tags in the hands of the purchasers of its product. That by this means this tag soap has become familiar throughout the country for the good quality of the article manufactured by it and that the means of thus identifying its goods is the exclusive property of plaintiff.

That the defendants in error are the manufacturers of a soap called "White Home," and for the purpose of obtaining an unfair advantage over plaintiff, placed upon the market and are still maintaining a soap closely resembling plaintiff's products in color, form and size of cake, and containing on one side or face thereof a tag of hard material impressed in the bar in connection with letters sunken into the face in such a way as is calculated to deceive an intending purchaser desiring to purchase tag soap, and that the defendant has adopted the method of redemption of its tags in the same manner as done by plaintiff, all of which acts, on the part of defendant, cause the public to regard defendant's soap as tag soap, tending to the confusion of the trade and deception of the public, and that these acts on the part of the defendant constitute unfair competition in trade.

The answer of the defendant and the evidence discloses that the bars of soap of the plaintiff bear the words sunken in the face thereof "Werk Co. Soap, Cincinnati, Ohio," and also a round metal tag which is sunken into the face of said bars near the lower right hand corner, and that the metal tag bears the words "Werk Soap"; that upon the face of the defendant's soap there is sunken into the face of each, the words "Ryan's White Home, Devise Pat. App'd For," together with a paper tag, square in shape, sunken into the face of the bar near its center, in such a position as to give the appearance of a diamond shape, blue in color, and with the words printed upon it together with a picture of a house "Save the Home," "For Presents," "Ryan Soap Co."; that its bars are standard size and that the color of its soap is lighter than that of plaintiff's.

Unfair competition is not established by proof of similarity

Werk Co. v. Soap Co.

in form, dimensions or general appearance alone. Where such similarity consists in construction, common to or characteristic of the article in question, and especially when it appears to result from an effort to comply with the physical requirements essential to commercial success and not to be designed to misrepresent the origin of such articles, the doctrine of unfair competition can not be successfully invoked to abridge the freedom of trade competition. Nims, Unfair Comp. Sec. 130, and cases cited.

It is not contended that the color of the soap, its shape, size, etc., can be exclusively appropriated, but that the unfair competition is in the use of the tag adopted by the defendant.

The evidence does not bear out the contention of plaintiff in error that the public were deceived by the use of this tag upon defendant's soap, and indeed, we can not see from the appearance of the bars of soap themselves with the sunken words and tags, that anybody should be deceived thereby; that a seller might deceive, or that an occasional purchaser might be misled, is not sufficient. The evidence nowhere shows that the defendant company passed off or attempted to pass off upon the public the soap it manufactured as being the soap of plaintiff in error, and this is what constitutes unfair competition. 28 Am. & Eng. Enc. Law (2 ed.) 410.

And again to constitute unfair competition features imitated must be such as distinguish plaintiff's goods from others; not such as he shares with the trade generally. Nims, Unfair Comp. Sec. 157.

We feel that under the evidence the markings upon the soap are not at all similar or would tend to deceive any one seeking to purchase either one of the soaps in question; that the defendant company has not conducted its business or attempted to so conduct it as to pass off its goods for those of plaintiff, and that upon the entire case the equities are with the defendant in error and judgment will be affirmed.

**Swing** and **Jones, JJ.,** concur.